UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
BORUCH LOWENBEIN
on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

      -against-

GLOBAL MANAGEMENT ACQUISITION FIRM INC.
A/K/A GLOBAL MANAGEMENT PREMIER CLIENT SERVICING;
HOOD & THOMPSON ASSOCIATES, INC. AND
HAPNEL FINANCIAL GROUP, INC.;

                     Defendants.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Boruch Lowenbein seeks redress for the illegal practices of Global Management Acquisition Firm Inc. a/k/a Global Management Premier Client Servicing ("Global"); Hood & Thompson Associates, Inc. ("Hood"); Hapnel Financial Group, Inc. ("Hapnel"); (collectively "Defendants"), concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Telephone Communications Protection Act ("TCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant Global's principal place of business is located in Grayson, Georgia.

5. Upon information and belief, Defendant Hood's principal place of business is located in Charlotte, North Carolina.

6. Upon information and belief, Defendant Hapnel is the registered agent for Defendants Global and Hood.

7. Upon information and belief, Defendant Hapnel's principal place of business is located in Charlotte, North Carolina.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are "debt collector[s]" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

10. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Boruch Lowenbein*

12. Upon information and belief, Defendant Global hired Defendant Hood to collect on its behalf, a Citi Financial Premier MasterCard account ending in 2516, purportedly owed to the Plaintiff.

13. The alleged debt fell into default status on September 8, 2012.

14. On September 8, 2018, the Statute of Limitations ran out on this debt making this debt

time-barred which in effect barred the creditor and / or debt collectors from taking or threatening to take legal action to make Plaintiff pay this debt any time after September 8, 2018.

15. New York City regulations require that a debt collector must provide a consumer with specific information about the consumer's rights regarding a time-barred account in every communication with the consumer.

16. On July 23, 2019, some ten months after the Statute of limitation ran on the said $16,161.21 debt, Defendants representative contacted the Plaintiff via telephone.

17. Said representative, made no mention of the fact that the said account was time-barred.

18. During the telephone conversation, as per his rights under 1692g of the FDCPA, the Plaintiff informed the representative, that he was disputing the debt.

19. Defendants' representative, responded by threatening a lawsuit against the Plaintiff stating "You will go before a judge."

20. Such a statement is false since the Citi Financial account became time-barred on September 8, 2018 and the filling of a legal action may not be pursued.

21. The above-mentioned statement is false, the $16,161.21 balance is a time-barred debt and the filling of a legal action is not permitted under the law.

22. This above mentioned statement is false as other than sending a non-demanding payment letter which does not misrepresent the status or enforceability of the debt no other available actions were permitted under the law to collect this debt.

23. During the telephone conversation, Defendants' representative, sent over a collection letter dated July 23, 2019 to the Plaintiff's email address. (see attached Exhibit)

24. Plaintiff then inquired about the apparent thirty days that the letter stated he had to dispute

the debt and obtain verification.

25. Defendants' representative, responded by saying: "You stated that you disputed it [the debt] on a recorded line, so we don't have to go through all of that [thirty-day validation period] . . . At this point, sir, you either want to resolve it or you don't, you don't need no thirty days to know if this is your debt or not."

26. Section 1692g(b) of the FDCPA states that "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

27. Defendants' representative, failed to explain that if the consumer is sued within the thirty-day period, he or she is still however, able to dispute the debt within that thirty-day period.

28. Said July 23, 2019 letter fails to explain that if the consumer is sued within the thirty-day period, he or she is still however, able to dispute the debt within that period of thirty days.

29. A validation notice is overshadowed where a debt collector like Defendants' representative, threatens to initiate a lawsuit during the validation period, without clarifying that commencement of the lawsuit has no effect on the information conveyed in the validation notice.[1]

30. Furthermore, Defendants could not accumulate any legal fees with regards to this time-barred debt and definitely could not charge plaintiff for the accrual of any such forbidden

---

[1] Ellis v. Solomon & Solomon, P.C., 591 F.3d 130 (2d Cir. 2010). (The § 1692g validation notice that the debt collector disclosed in its dunning letter was overshadowed by its lawsuit during the thirty-day validation period of its collection lawsuit since the collector failed to explain or clarify in either the dun or "in a notice provided with the summons and complaint" that "that commencement of the lawsuit has no effect on the information conveyed in the validation notice . . . Defendants did not have to serve [plaintiff] during the validation period; they could have waited until the validation period expired. It is difficult to discern what tactical advantage was gained by commencing a lawsuit when the validation period had only two weeks to run . . . Of course, debt collectors may continue collection activities, including commencing litigation, during the validation period; but in doing so the debt collector must not transgress § 1692g(b)'s proscription of collections activities that 'overshadow or . . . [are] inconsistent with' the validation notice . . . If the debt collector chooses not to wait until the end of the validation period to commence debt collection litigation, an explanation of the lawsuit's impact . . . be provided . . . The best practice is to provide an explanation in both the validation notice and the summons and complaint.")

legal fees.

31. The initial communication letter dated July 23, 2019 additionally contained several deceptive statements and omitted important mandatory disclosures, including § 2-191 of the Rules of the City of New York's notification requirement for time-barred debts.

32. The initial communication letter dated July 23, 2019 said nothing about when the debt was incurred, and it contained no hint that the six-year statute of limitations applicable in New York had long since expired.

33. Thus, the Defendants violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f by misrepresenting the legal status and by threatening to file a time-barred suit, making them liable to the Plaintiff.

34. Upon information and belief, the Defendants knew that this deceptive debt collection technique would be particularly effective in pressuring unsophisticated consumers into settling debts, even those that would otherwise be time-barred.

35. Moreover, upon information and belief, the Defendants knew that if they tricked a consumer into making just one payment on a stale, time-barred debt, the statute of limitations would restart.

36. When collecting on a time-barred debt a debt collector must not misrepresent the legal status of the debt in any way.

37. When collecting on a time-barred debt, a debt collector must not misrepresent the enforceable status of the debt in any way.

38. When collecting on a time-barred debt, a debt collector must inform the consumer that (a) the collector cannot sue to collect the debt; and (b) providing a partial payment would revive the Defendants' ability to sue to collect the balance.

39. The Defendants threatened and attempted to collect on a time-barred debt, whose Statute of Limitations had admittedly already run out.

40. Defendants' statements constituted a false threat of legal action on time-barred debt.[2]

41. Whether a debt is legally enforceable is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA.

42. Defendants' statements provided a false, deceptive, or misleading representation or means in connection with the collection of any debt; the false representation of the character, amount, or legal status of any debt; for overshadowing Plaintiff's thirty-day validation rights and in particular, for misrepresenting Plaintiff's right to dispute the debt; and for the threat to take any action that cannot legally be taken, or that is not intended to be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f(1), and 1692g.[3]

43. Furthermore, on twenty eight occasions, Defendants made twenty eight prerecorded phone calls to an unauthorized wireless number belonging to Plaintiff.

---

[2] *Crawford v. LVNV Funding, LLC,* 758 F.3d 1254, 2014 U.S. App. LEXIS 13221, 59 Bankr. Ct. Dec. 205, 25 Fla. L. Weekly Fed. C 92 (11th Cir. Ala. 2014)

[3] *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393 (6th Cir. 2015). (A misrepresentation about the limitations period is a "straightforward" violation of § 1692e(2)(A). The failure to disclose that partial payment on a time-barred debt would renew the creditor's ability to sue could mislead a consumer into paying and digging herself into a deeper hole. An unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. This would not be true, since some payment is worse than no payment, as the general rule in Michigan is that partial payment restarts the statute of limitations clock, giving the creditor a new opportunity to sue for the full debt. In response to the argument that the court's interpretation would require debt collectors to give legal advice to every debtor about the statute of limitations, the court stated that "this is not a herculean task," as demonstrated by the fact that the collection agency had changed its letters to make the following disclosure under applicable circumstances: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding L.L.C. will not sue you for it, and LVNV Funding L.L.C. will not report it to any credit reporting agency."), McMahon v. LVNV Funding, L.L.C., 744 F.3d 1010 (7th Cir. 2014). (The court held that the consumers stated claims for relief under §§ 1692e and 1692f where the defendants sent dunning letters that did not disclose that the debts were time-barred and that made an "offer to settle" at a stated percentage savings off the current balance because, even without an actual threat of suit, "it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable.") *Rawson v. Source Receivables Mgmt., L.L.C.*, 2012 WL 3835096 (N.D. Ill. Sept. 4, 2012) (complaint alleging that a dunning letter implied the debt was legally enforceable when it was actually barred by the statute of limitations stated a claim under the FDCPA; defendants' letter that threatened "further collection efforts" and encouraged the plaintiff "to make arrangements for payment" could arguably lead an unsophisticated debtor to believe that the debt was legally enforceable)

44. Upon information and belief, the Defendants used an auto dialer and prerecorded messages when calling the Plaintiff.

45. The number displayed on Plaintiff's caller ID for many of the calls to the Plaintiff is a telephone number maintained and controlled by the Defendants.

46. Defendants failed to properly identify the entity on whose behalf the call was being made.

47. The Defendants did not obtain Plaintiff's prior, express, written consent before initiating the telephone calls to the Plaintiff.

48. Defendants have initiated numerous automated telemarketing calls utilizing prerecorded voice messages and have directed these calls to cellular telephones and residential telephone lines.

49. Upon information and belief, Defendants regularly utilize deceptive practices as described above.

50. The Defendants' violations of the TCPA were willful and/or knowing.

51. Plaintiff and the Class are entitled to actual or statutory damages under the TCPA, and, if the violations are found to be willful and/or knowing, treble damages.

52. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

53. Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

54. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

55. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

56. Defendants used materially false, deceptive, misleading representations and means in its

57. attempted collection of Plaintiff's alleged debt.

57. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

58. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

59. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

60. As an actual and proximate result of the acts and omissions of the Defendants, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendants.*

61. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixty (60) as if set forth fully in this cause of action.

62. This cause of action is brought on behalf of Plaintiff and the members of a class.

63. The class consists of all persons whom Defendants' records reflect resided in the State of New York who communicated with Defendants' representatives and / or received

collection letters from the Defendants, within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the Defendants attempted to collect upon a time-barred debt; and (b) the Defendants made false statements in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f(1), and 1692g.

64. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

> A. Based on the fact that form telephonic communications and a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.
>
> B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.
>
> C. The only individual issue is the identification of the consumers who received such telephonic communications and collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendants.
>
> D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.
>
> E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

65. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

66. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

67. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

68. The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

69. Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action;

    C. Any other relief that this Court deems appropriate and just under the circumstances.

## **AS AND FOR A SECOND CAUSE OF ACTION**

*Violations of the Telephone Consumer Protection Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendants.*

70. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixty (60) as if set forth fully in this cause of action.

71. The Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating twenty eight telephone calls to Plaintiff's wireless telephone number using an artificial and/or prerecorded voice to deliver messages without having the consent of the Plaintiff to leave such messages.

72. Defendants have as repeatedly violated the TCPA by the calls made to the Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or prerecorded messages that have been unleashed against the Plaintiff by the Defendants.

73. There is no exception or justification for the numerous violations of the TCPA by the Defendants as the Plaintiff has not consented to the use of the wireless telephone number at issue where the Plaintiff was charged for each call.

74. Each call is a separate violation and entitles Plaintiff to statutory damages against the Defendants in the amount of $500.00 per call.

75. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

76. All actions taken by Defendants were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm the Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the TCPA and/or that knew or should have known that their actions were in reckless disregard of the TCPA.

*Violations of the Telephone Communications Privacy Act*

77. The actions of the Defendants violated the TCPA.

78. Because the Defendants intentionally violated the TCPA, the Plaintiff is entitled to damages in accordance with the TCPA namely $1,500.00 for each call where the Defendants failed to obtain prior consent from the Plaintiff.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in Plaintiff's favor and against the Defendants and award damages as follows:

    (a) Statutory damages provided under the TCPA and injunctive relief;

    A. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
December 31, 2019

\_\_\_\_\_/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

\_\_\_\_\_/s/ Adam J. Fishbein\_\_\_\_
Adam J. Fishbein (AF-9508)

**Global Managment**
Premier Client Servicing

1911 Grayson Hwy Suite 8-130, Grayson, GA 30017
Phone: 800-303-4145 | Fax: 9124546093
Web: http://globalmaf.com/

07/23/19

BORUCH LOWENBEIN

**Responsible Party:** BORUCH LOWENBEIN
**Original Lender:** CITI FINANCIAL TY PREMIER
**Reference Number:** GM-CITI-633746
**Client ID:** 5948
**Balance:** $16,161.21

Dear BORUCH LOWENBEIN,

This is to advise you that your account - referenced above - is delinquent and has been placed for recovery with our office. Please forward the full balance owed with a copy of this notice to ensure proper credit, or call our office at 800-303-4145. Alternatively, you may access our online system to pay your balance. Please visit https://www.securecrm.us//epay/ and use the information above to access your account.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify in writing withing thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt and mail a copy of such verification. If you request from this office, in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if not the current creditor.

Regards,

Asset Management Director
HOOD THOMPSON & ASSOCIATES


NOTICE TO CALIFORNIA CONSUMERS:

The state Rosenthal Fair Debt Collection Practices Act and the Federal Debt Collections Practices Act require

that, except for unusual circumstances, collectors may not contact you before 8am or after 9pm. They may not harrass you bu using threats of violence or arrestor by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. Collectors may contact another person to confirm your location or enforce judgement. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-Help or www.ftc.gov.

For more information about the COLORADO FAIR DEBT COLLECTION PRACTICES ACT, see www.coloradoattorneygeneral.gov/ca.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any action authorized by law to collect the debt.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication was sent by a debt collector from a professional debt collection company.